E-FILED
Friday, 21 July, 2006   12:13:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **BERNICE ROSAS,** ) | |
|      **Plaintiff,** ) | |
|   **v.** ) | |
| ) | **Case No. 05-2135** |
| **TERRY FLICK, LANCE KERNEY,** ) | |
| **and NATHANIEL COOK,** ) | |
|      **Defendants.** ) | |

## O R D E R

In June 2005, Plaintiff Bernice Rosas filed a Complaint at Law (#1) against Defendants, Terry Flick, Lance Kearney, and Nathaniel Cook, alleging violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are based on federal law. The parties have consented to jurisdiction by a United States magistrate judge.

In January 2006, Plaintiff tendered subpoenas to (1) the University of Illinois Board of Trustees, University of Illinois Police Chief Oliver Clark, Tammy Beasley, and Dana Wealand (collectively, the "University movants"), and (2) Crimestoppers of Champaign County, Inc. (hereinafter "Crimestoppers"). The subpoenas are divided into two parts: The first section requests the name of a person who can testify regarding certain subjects and the second section requests documents. It appears that Crimestoppers declined to respond to the subpoena at all, while the University movants partially responded.

In February 2006, the University movants filed a Motion To Quash Subpoena Regarding the Board of Trustees of the University of Illinois, University of Illinois Police Chief Oliver J. Clark, Dana Wealand, and Tammy Beasley (#32) and Crimestoppers filed a Motion To Quash Subpoena Regarding Crimestoppers (#34). Both motions asserted privilege based on the need to protect the confidentiality of the informant's identity. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957); *Kampinen v. Individuals of Chi. Police Dep't*, No. 00-C-5867, 2002 WL 238443, *2 (N.D. Ill. Feb. 19, 2002) (unreported).

The informant's privilege is not absolute; it must yield "when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." *Dole v. Local 1942, Int'l Bhd. of Elec. Workers, AFL-CIO,* 870 F.2d 368, 372 (7th Cir. 1989). The balancing test weighs the party's need for the information against the public's interest in encouraging citizens to assist the government in its investigations. *Id.* To overcome the informant's privilege, a party seeking privileged information must show that her need for the information outweighs the government's entitlement to the privilege. *Id.* at 373. The Court "must take a balanced approach and in the end decide whether the party opposing the privilege has credible need for the information" that is "greater than the important policy consideration underlying the privilege." *Id.* An "[informant's] identity cannot be concealed from the defendant when it is critical to his case." *Branzburg v. Hayes*, 408 U.S. 665, 698 (1972). Nevertheless, "[t]he privilege will not yield to permit a mere fishing expedition . . . nor upon bare speculation that the information may possibly prove useful." *Dole,* 870 F.2d at 373.

In June 2006, the Court directed the University movants and Crimestoppers to file under seal responsive information that they had not already disclosed to Plaintiff so that the Court could review that information *in camera* and perform the balancing test. (Order, #54, pp. 11-12.) Both movants have now done so and the Court has carefully considered the information provided in light of the balance of interests.

As an initial matter, the Court notes that the informant's privilege applies only to information regarding the informant's identity. The privilege does not provide a blanket exemption from responding to subpoenas or discovery requests. Here, the subpoenas request a wide range of information, some of which is wholly unrelated to the informant's identity. For example, in question 18 of the subpoenas' second section, Plaintiff seeks "[a]ll documents that refer to any damage committed to the real property or chattels located at 1109 East Champaign Avenue in Rantoul on June 4, 2004." This information does not necessarily implicate the

informant's privilege.  Accordingly, to the extent a subpoena seeks information that does not relate to the informant's identity, the Court concludes that the privilege does not insulate the movants from their obligation to respond to the subpoenas.

After carefully reviewing the information provided by the movants, the Court concludes that none of the information subject to the privilege is essential to Plaintiff's case and Plaintiff's interest in obtaining that information does not outweigh the public's interest in confidentiality. Therefore, information regarding the informant's identity that might lead to that identity, is protected by the privilege.

Because the subpoenas cover a broad range of information, including information that is protected by the informant's privilege, the Court grants the motions to quash and allows Plaintiff to issue additional subpoenas consistent with this order within fourteen (14) days of the day this order is filed.  Should Plaintiff choose to issue subsequent subpoenas, Plaintiff may not request information related to the informant's identity.

**Summary**

For the reasons set forth above, the Court **GRANTS** the Motion To Quash Subpoena Regarding the Board of Trustees of the University of Illinois, University of Illinois Police Chief Oliver J. Clark, Dana Wealand, and Tammy Beasley **(#32)** and Crimestoppers' Motion To Quash Subpoena Regarding Crimestoppers **(#34)**.  Plaintiff may issue additional subpoenas consistent with this Order within fourteen (14) days of the date this Order is entered.

ENTER this 21st day of July, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE